1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

KEYON R. GEORGE,

12

Petitioner,

13

v.

14
15

JAMES E. TILTON, Secretary of the
California Department of Corrections and
Rehabilitation,

16

Respondent.

17

Civil No.    06cv1810-BTM (RBB)

**ORDER:**

**(1)  SUA SPONTE SUBSTITUTING
RESPONDENTS; AND,**

**(2) NOTIFYING PETITIONER OF
POSSIBLE DISMISSAL OF PETITION
FOR FAILURE TO SATISFY FILING
FEE REQUIREMENT**

18
19
20

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas
Corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed in forma pauperis.

21

**SUA SPONTE SUBSTITUTION OF RESPONDENTS**

22
23

A review of the Petition reveals that Petitioner has failed to name a proper respondent.
Petitioner has named the People of the State of California and Bill Lockyer, the Attorney

24

General of California, as Respondents.  On federal habeas, a state prisoner must name the state

25

officer having custody of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894

26

(9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

27

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

28

habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The
actual person who is [the] custodian [of the petitioner] must be the respondent."  Ashley v.

1   Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

2   habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

3   body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

4   of Corrections for California have the power to produce the prisoner."  Ortiz-Sandoval, 81 F.3d

5   at 895.  Thus, "the People of the State of California" is not a proper respondent.

6         Additionally, Bill Lockyer, the Attorney General of the State of California, is not a proper

7   respondent in this action.  Rule 2 of the Rules following § 2254 provides that the state officer

8   having custody of the petitioner shall be named as respondent.  Rule 2(a), 28 U.S.C. foll. § 2254.

9   However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under

10  the state-court judgment being contested, the petition must name as respondents both the officer

11  who has current custody and the attorney general of the state where the judgement was entered."

12  Rule 2 (b), 28 U.S.C. foll. § 2254.  Here, there is no basis for Petitioner to have named the

13  Attorney General as a respondent in this action.

14        In order for this Court to entertain the Petition filed in this action, the warden in charge

15  of the state correctional facility in which Petitioner is presently confined or the Secretary of the

16  California Department of Corrections and Rehabilitation must be named as a Respondent.

17  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).  The Court

18  therefore sua sponte substitutes James E. Tilton, the Secretary of the California Department of

19  Corrections as Respondent for the People of the State of California and Bill Lockyer.

20              **MOTION TO PROCEED IN FORMA PAUPERIS**

21        Petitioner has not provided the Court with sufficient information to determine Petitioner's

22  financial status.  A request to proceed in forma pauperis made by a state prisoner must include

23  a certificate from the warden or other appropriate officer showing the amount of money or

24  securities Petitioner has on account in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local

25  Rule 3.2.

26        ***Petitioner is advised that in order to avoid dismissal of his case, he must either pay the***

27  ***$5.00 filing fee or submit adequate proof of his inability to pay the filing fee no later than***

28  ***November 20, 2006.***  If Petitioner does not pay the $5.00 filing fee or submit adequate proof of

1   his inability pay the fee by November 20, 2006, his case will be dismissed without prejudice, and

2   he will have to begin again by filing a new petition which may be barred by the statute of

3   limitations.[1]  **The Clerk of Court is directed to mail Petitioner a blank Motion to Proceed**

4   **in Forma Pauperis form, including the proper Prison Certificate form**.

5       **IT IS SO ORDERED.**

6   DATED:  September 20, 2006

7                                          Ruben B. Brooks
                                           United States Magistrate Judge

8

9

10

11

12

13

14       [1]  The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act
         of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus
15       by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from
         the latest of:
16                       (A) the date on which the judgment became final by the
                         conclusion of direct review or the expiration of the time for seeking such
17                       review;
                         (B) the date on which the impediment to filing an application
18                       created by State action in violation of the Constitution or laws of the
                         United States is removed, if the applicant was prevented from filing by
19                       such State action;
                         (C) the date on which the constitutional right asserted was
20                       initially recognized by the Supreme Court, if the right has been newly
                         recognized by the Supreme Court and made retroactively applicable to
21                       cases on collateral review; or
                         (D) the date on which the factual predicate of the claim or claims
22                       presented could have been discovered through the exercise of due
                         diligence.
23
         28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2006).
24
             The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is
25       pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  <u>But see</u>
         <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148-49 (9th Cir. 2006) (holding that state application for post-
26       conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending,"
         and therefore does not toll the statute of limitations), <u>as amended</u> 439 F.3d 993, <u>petition for cert. filed</u>,
27       –U.S.–, No. 05-11438 (June 5, 2006).  However, absent some other basis for tolling, the statute of
         limitations does run while a <u>federal</u> habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82
28       (2001).